[Doc. No. 40]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **LARRY BUMGARNER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil No. 05-3900(RMB) |
| | : | |
| **JANE ANN HART, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION**

**SCHNEIDER, United States Magistrate Judge**

      This matter has come before the Court upon the Motion of *pro se* Plaintiff, Larry Bumgarner, seeking to compel responsive and complete Answers to Interrogatories from Defendant, Jane Ann Hart (hereinafter "Hart") [Doc. No. 40]. After reviewing the submissions of the parties and for the following reasons, Plaintiff's Motion to Compel is granted in part and denied in part.

      Plaintiff, Larry Bumgarner, entered into a business relationship with JAH Meeting Planners and Hart.[1] On July 12, 2005, Plaintiff alleges that Hart transferred his copyrighted web designs to another password-protected website that Plaintiff could not access. (See Plaintiff's Brief in Support of his Motion to Compel Discovery at 3). On August 5, 2005, Plaintiff filed an action in this Court, Civil No. 05-3900, against Hart, JAH Meeting Planners and Dandy.net. Id. Plaintiff alleges that Hart willfully committed copyright infringement by using his work product

---

[1] The exact nature and the extent of the relationship is at issue in this case. However, it does not effect the outcome of this Motion.

without permission.  Id.  Hart retained Defendant, Cooper, Levenson, April, Niedelman, Wagenheim (hereinafter "Cooper Levenson"), to represent her in the copyright infringement action.  Hart filed a counterclaim alleging that Plaintiff was in possession of a 2003 Nissan Pathfinder (hereinafter "Pathfinder"), owned by JAH Meeting Planners, without permission.  Id. at 4.  Plaintiff filed a Motion for Summary Judgment as to Hart's counterclaim.  Id. at 5.

Plaintiff alleges that Hart, at the direction of Cooper Levenson, filed a false police report on September 21, 2005 stating that the Pathfinder allegedly provided to Plaintiff through their business relationship was in fact stolen by Plaintiff.  Id.  The Brigantine Police seized the Pathfinder on October 7, 2005.  Plaintiff was originally charged with theft of the Pathfinder.  However, the charges were later downgraded to a motor vehicle violation.  Id.  All charges against Plaintiff that were pending in Brigantine Municipal Court for allegedly stealing the Pathfinder were later dismissed.  Id. at 6.

On January 11, 2006, Plaintiff filed a second action, Civil No. 06-142, against Hart and Cooper Levenson, as well as a number of other Defendants, alleging a violation of Plaintiff's Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights, obstruction of justice, and perjury for knowingly filing a false police report stemming from the charges filed against him and the seizure of his vehicle.  (See Plaintiff's Complaint in Civil No. 06-142 at ¶¶42 and 49).  The two actions have been consolidated under Civil No. 05-3900 [Doc. No. 56].

Plaintiff filed this Motion to Compel Answers to Interrogatories against Hart seeking complete and responsive answers to Interrogatory Nos. 1 through 11, 15, 18 through 22 and 24 [Doc. No. 40 under Civil No. 06-142].  Hart objected to Interrogatory Nos. 1 through 8, 20 and 21, asserting the attorney-client privilege.  She also objected to Interrogatory Nos. 9 through 11,

15, 18, 19, 22, and 24 arguing that the information requested is not relevant to this action and, therefore, beyond the scope of discovery.

Pursuant to Fed. R. Civ. P. 37(a), "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery." The Court may make such orders in regard to the failure as are just. Fed. R. Civ. P. 37(b)(2). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Although it is well settled that the scope of discovery is to be construed broadly, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)(quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).

Plaintiff's request to compel responses to Interrogatory Nos. 1 through 8 and 20 and 21 is denied. The information sought is protected by the attorney-client privilege and is not subject to any exception. Plaintiff's request to compel responses to Interrogatory Nos. 9, 10, 11, 15 and 22 is denied because Hart has represented that complete answers to these Interrogatories have been provided. Plaintiff's request to compel responses to Interrogatory Nos. 18, 19 and 24 is granted. Contrary to Hart's assertions, the information sought is relevant and Hart has failed to provide adequate responses.

Plaintiff asks the Court to overrule Hart's attorney-client privilege objections to Interrogatory Nos. 1 through 8 and 20 and 21. Interrogatory Nos. 1 and 2 seek information regarding whether or not anyone from Cooper Levenson suggested or aided in the drafting of a letter sent by Hart to Plaintiff indicating that Hart will report the Pathfinder as stolen. (See Plaintiff's Brief in Support of Motion to Compel at 7). In Interrogatory Nos. 3 and 4,

Plaintiff inquires into whether anyone at Cooper Levenson informed Hart that it would be a crime to make a false representation or statement to the police. Id. at 8. Interrogatory Nos. 5 and 6 inquire into whether anyone at Cooper Levenson informed Hart that filing auto theft charges was a way to circumvent Plaintiff's pending motions in this case. Id. Interrogatory Nos. 7 and 8 inquire into whether anyone at Cooper Levenson suggested to Hart that referring to Plaintiff as an employee would help her defense in this action. Id. In Interrogatory No. 20, Plaintiff inquires into whether anyone at Cooper Levenson informed Hart that the October 6, 2005 municipal court hearing was Plaintiff's opportunity to face his accuser and present evidence. Id. Interrogatory No. 21 inquires into whether anyone at Cooper Levenson recommended or told Hart to contact the police to have the Pathfinder taken away from Plaintiff.

The common law governs the attorney-client privilege, like all questions of privilege that arise in federal court. Fed. R. Evid. 501. The attorney-client privilege is recognized as "the oldest of the privileges for confidential communications known to the common law." Upjohn Co. v. U.S., 449 U.S. 383, 389 (1981). The central purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Id. Clients must be free to fully disclose to their attorneys any past wrongdoings. Fisher v. U.S., 425 U.S. 391, 403 (1979). The attorney-client privilege covers all "confidential disclosures by a client to an attorney made in order to obtain legal assistance." Id. at 403.

The privilege, however, is not absolute. "Since the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose." Id. The attorney-client privilege must protect the confidences of wrongdoers, however, the

reason for the privilege ceases when the advice sought refers not to prior but to future wrongdoing.  Clark v. U.S., 289 U.S. 1, 15 (1933). "The privilege takes flight if the relation is abused.  A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law." Id.  The attorney-client privilege "does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." U.S. v.Zolin, 491 U.S. 554 (1989).  "The client's intention controls and the privilege may be denied even if the lawyer is not altogether innocent."  In re Grand Jury Proceedings, 604 F.2d 798, 802 (3d Cir. 1979).  However, the privilege is not lost if the client innocently proposes an illegal course of conduct to explore with counsel he may or may not do.  U.S. v. Doe, 429 F.3d 450, 454 (3d Cir. 2005).  Only when a client knowingly seeks legal counsel to further a continuing or future crime does the crime-fraud exception apply.  Id.

  The party seeking to invoke the crime-fraud exception to the attorney-client privilege has the burden of making a prima facie showing of a fraud or crime.  See Haines v. Liggett, 975 F.2d 81, 95 (3d Cir. 1992).  This requirement is necessary because without it a party could pierce the privilege by simply making a bald, general allegation without any supporting facts.  Thus, the party seeking discovery must make a prima facie showing that: "(1) the client was committing or intending to commit a fraud or crime, and (2) the attorney-client communications were in furtherance of that alleged crime or fraud." In re Grand Jury Investigation, 445 F.3d at 274.  " A prima facie showing requires presentation of evidence which, if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met." See id.; see also Haines, 975 F.2d at 95-96.  The evidence must be "something to give colour to the charge"; there must be "prima facie evidence that has some foundation in fact."

5

<u>Clark</u>, 289 U.S. at 14-15.

      Hart has asserted the attorney-client privilege in response to Plaintiff's Interrogatory Nos. 1 through 8, 20 and 21.  It is undisputed that the communications Plaintiff inquires about, if they occurred, concern communications between a client and his attorney within the scope of the attorney-client relationship.  Plaintiff has not argued that the privilege should not apply at all, but rather argues that the communications fall within the crime-fraud exception to the privilege.  The Court, however, finds that the crime fraud exception does not apply to the information sought in Interrogatory Nos. 1 through 8, 20 and 21 regarding Hart's communications with Cooper Levenson.  In each instance, Plaintiff has failed to meet his burden of proving a prime facie case of a crime or fraud.

      Quite simply, Plaintiff has not produced a scintilla of evidence that Hart committed or intended to commit a fraud or crime by threatening to report the Pathfinder stolen or in ultimately reporting it stolen.  As noted, the protection of the attorney-client privilege is not so inconsequential as to be circumvented by general and unsupported allegations.  A general allegation that Hart set out to defraud Plaintiff is not enough to pierce the attorney-client privilege.  See <u>In re Grand Jury Investigation</u>, 445 F.3d at 274.

      In order to satisfy the crime-fraud exception, Plaintiff must show that Hart possessed an independent intent to commit a crime or fraud and knowingly sought advice of counsel in furtherance of the crime or fraud.  See <u>U.S. v. Doe</u>, 429 F.3d at 454.  Hart's statement in her September 13, 2005 letter to the Plaintiff stating her intent to report the vehicle as stolen simply does not rise to that level.  Although Plaintiff alleges in his Complaint that Hart falsely filed a police report alleging that the Pathfinder was stolen and had the car seized by the police, he has

not produced any evidence to demonstrate that Hart knowingly sought legal counsel to further a continuing or future crime or fraud. Absent such evidence, Interrogatory Nos. 1 and 2 and Interrogatory Nos. 3 and 4 do not have to be answered.

Plaintiff's request for information regarding whether Cooper Levenson told Hart that certain actions would aid in her defense, as sought in Interrogatory Nos. 5 and 6, is also not within the crime-fraud exception. It is not a crime or fraud if a party takes action to assist in her own defense. Moreover, as stated above, the filing of auto theft charges is not in and of itself a crime or fraud and based upon the evidence provided, Plaintiff has not demonstrated that Hart intended to commit a crime or fraud. The information sought in Interrogatory Nos. 5 and 6 is protected by the attorney-client privilege.

The information sought in Interrogatory Nos. 7 and 8 regarding the classification of Plaintiff as an employee and its relation to Hart's defense strategy, goes to the heart of the type of information the attorney-client privilege is meant to protect. Plaintiff asks Hart for her defense strategy in the case. This information is simply not discoverable.

Finally, the information sought in Interrogatory Nos. 20 and 21 regarding Cooper Levenson's recommendations regarding the appearance before the Brigantine Municipal Court and the seizure of the Pathfinder is also protected from disclosure. Once again, Plaintiff has failed to provide any factual basis beyond mere general allegations that Hart perpetrated a crime or fraud and sought representation from Cooper Levenson in furtherance of a crime or fraud. Plaintiff's Interrogatories clearly seek the content of conversations between counsel and Hart, the subjects of which are protected from discovery by the attorney-client privilege.

Plaintiff has failed to make a prima facie showing that Hart was committing or intending

to commit a crime or fraud and that her attorney-client communications were in furtherance of the alleged crime or fraud. See In re Grand Jury Investigation, 445 U.S. at 274. Therefore, the crime-fraud exception does not apply and Hart's objections to Plaintiff's Interrogatory Nos. 1-8, 20 and 21 are sustained.

Hart's objections to Interrogatory Nos. 18, 19 and 24 based on relevance are overruled. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507-508 (1947). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Interrogatory No. 18 requests information regarding whether Hart showed the Brigantine Police or the Brigantine Municipal Court an email indicating she will pay Plaintiff $800 per month, pay the car payment and insurance for the Pathfinder and allow Plaintiff to use the Pathfinder. (See Plaintiff's Brief in Support of his Motion to Compel at 12). Interrogatory No. 19 requests information regarding a letter in which Hart refers to Plaintiff as her partner in JAH Meeting Planners. Id. Hart contends that the content of the email and letter is irrelevant because regardless of what Hart wrote, JAH Meeting Planners leased the vehicle. The Court disagrees with Hart's narrow view of what is relevant in this case. Whether Hart believes the information contained in the email or letter is true or not does not determine its relevance to the claims in Plaintiff's Complaint. Hart does not dispute the fact that she authored the letter and email. Based upon the alleged content of the email and letter, whether they were shown to the

Brigantine Police Department or the Brigantine Municipal Court is relevant to Plaintiff's allegations of fraud and misrepresentation by Hart in filing a false police report. Therefore, Plaintiff's request to compel answers to Interrogatory Nos. 18 and 19 is granted.

Hart objected to Interrogatory No. 24 on the ground that the information sought was not relevant. Interrogatory No. 24 seeks information regarding whether Hart has in her possession any Court Orders or search warrants to search or seize the vehicle in question. Hart's response to Interrogatory No. 24 is non-responsive and the information sought is directly relevant to the seizure of the Pathfinder by the Brigantine Police. Therefore, Plaintiff's request to compel Hart to answer Interrogatory No. 24 is granted.

Interrogatory Nos. 9, 10, 11 and 15 request whether Hart is in possession of W-2's, time sheets or other documentation showing Plaintiff was an hourly or salaried employee of JAH Meeting Planners, whether she is in possession of any cancelled paychecks that were issued to Plaintiff or any employee contracts signed by Plaintiff, and whether she ever referred to Plaintiff as her partner in official correspondence. Plaintiff correctly contends that the information sought is relevant. However, Hart has represented in her Brief in Opposition to Plaintiff's Motion that despite the relevance objection, she produced all documents "that relate to this Interrogatory" as part of her Rule 26 initial disclosures. (See Exhibit A to Plaintiff's Brief in Support of his Motion to Compel at 3). To the extent Plaintiff believes these documents were not produced, and after conferring with Hart pursuant to L. R. Civ. P. 37.1(b)(1) in an effort to resolve their discovery dispute, Plaintiff may file an application with the Court asking for an Order requiring Hart to produce the documents. Hart also answered that she has no documents responsive to Interrogatory No. 11. This Court cannot order Hart to produce documents she does not possess

9

or control.  Therefore, Plaintiff's request to compel answers to Interrogatory Nos. 9, 10, 11 and 15 is denied.

In her answer to Interrogatory No. 22 Hart indicates she does not know the identity of the police officers with whom she spoke.  This answer is sufficient since the Court cannot order Plaintiff to answer an Interrogatory about which she has no responsive information.  If Plaintiff does not believe Hart, he can test her credibility at trial or at a deposition.  Therefore, Plaintiff's request to compel Hart to respond to Interrogatory No. 22 is denied.

Based upon the foregoing reasons and for good cause shown, the Court will grant in part and deny in part Plaintiff's Motion to Compel Discovery.  An appropriate Order will be issued.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge