NOT FOR PUBLICATION                    [Docket Nos. 142, 148, 157]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| LARRY BUMGARNER,<br><br>           Plaintiff,<br><br>     v.<br><br>JANE ANN HART, JAH MEETING<br>PLANNERS, INC., JOHN MILLER,<br>MARK PIZZUTILLO, MARY ANN<br>BENIANATI, RONA ZUCKER KAPLAN,<br>ALAN I. KALB, and COOPER<br>LEVENSON,<br><br>           Defendants. | Civil No. 05-3900 (RMB)<br><br>**OPINION** |

APPEARANCES:

Larry Bumgarner, pro se
205 Toulon Avenue
Egg Harbor Township, NJ 08234
     Pro se Plaintiff

Maureen Caryn Shay, Esq.
Sarah Anne Gribbon, Esq.
Fox Rothschild LLP
1301 Atlantic Avenue Suite 400
Atlantic City, NJ 08402
     Attorney for Defendants Jane Ann Hart, JAH Meeting Planners,
     Inc.

Gary A. Devito, Esq.
Patrick J. Wolfe, Jr., Esq.
Zarwin, Baum, Devito, Kaplan, Shaer & Toddy, PC
Five Greentree Centre Suite 105
Marlton, NJ 08053
     Attorneys for Defendants John Miller and Mark Pizzutillo

Jay H. Greenblatt, Esq.
Greenblatt & Laube, PC
200 North Eighth Street
P.O. Box 883

Vineland, NJ 08360
    Attorney for Defendants Mary Ann Beninati, Rona Zucker
    Kaplan, Alan I. Kalb, and Cooper Levenson

**BUMB**, United States District Judge:

## I. INTRODUCTION

This matter comes before the Court upon three motions for summary judgment filed by the various Defendants. Defendants Jane Ann Hart ("Hart") and JAH Meeting Planners, Inc. (collectively, "Hart Defendants") move for summary judgment on two separate grounds: first, they were not acting under "color of state law" when they sought the assistance of counsel and police, and second, Plaintiff lacked a possessory interest in the Pathfinder that was seized. [Dkt. No. 142]. Officer Defendants John Miller ("Miller") and Mark Pizzutillo ("Pizzutillo") also move for summary judgment on the grounds that Plaintiff lacked a possessory interest in the Pathfinder; however, they further argue that regardless of that issue, they are entitled to qualified immunity. [Dkt. No. 148]. Finally, Defendants Mary Ann Beninati, Rona Zucker Kaplan, Alan I. Kalb, and Cooper Levenson ("Cooper Defendants") join in the Hart Defendants' motion with respect to the possessory interest argument; they further argue that the state actor issue need not be decided in light of the Plaintiff's lack of possessory interest. [Dkt. No. 157]. Because the legal arguments in these motions largely overlap, the Court will address these motions together according

to the issues presented.

## II. FACTUAL BACKGROUND

The facts are well known to the parties in this case. The Court will refer to the facts as they are laid out in the Opinion, dated June 7, 2007 [Dkt. No. 92], as well as the papers submitted in support of and in opposition to the motions.

## III. STANDARD OF REVIEW

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id. "In making this determination, a court must make all reasonable inferences in favor of the non-movant." Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D.N.J. 1990) (citing Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983)). "At the summary judgment stage the judge's function

is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**IV.  DISCUSSION**

As an initial matter, this Court notes that, contrary to Plaintiff's allegations, the summary judgment motions filed by the Hart Defendants and the Officer Defendants were filed before the December 11, 2007 deadline for dispositive motions, as set forth in the Letter Order dated October 9, 2007 [Dkt. No. 126]. Further, because the Cooper Defendants' motion is technically a motion to join the Hart Defendants' motion, the Court will overlook the fact that it was filed nine days after the December 11, 2007 deadline.  [See Dkt. No. 157].

Moving to the merits of the motions, it is well settled that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Defendants' motions attack Plaintiff's claim by addressing both of these requirements and the Court will address each in turn.

**A.   Violation of Constitutional Right**

"A Fourth Amendment seizure of personal property occurs when 'there is some meaningful interference with an individual's possessory interest in that property.'"  Brown v. Muhlenberg Township, 269 F.3d 205, 209 (3d Cir. 2001) (quoting United States v. Place, 462 U.S. 696, 701 (1983)).  All Defendants argue that Plaintiff was not deprived of a constitutional right because he did not have a "possessory interest" in the Pathfinder when it was taken.  Specifically, they claim that Plaintiff has failed to establish that he had a contractual right to drive the car and, even if he did, such right was either temporary or indefinite and therefore expired when he ceased working for JAH.

Plaintiff contends that regardless of what possessory interest he had in the car, the seizure of the car violated his Fourth Amendment because Defendants lacked a warrant.  Moreover, Plaintiff argues, at the time the Pathfinder was taken, the issue of Plaintiff's alleged possessory interest was already the subject of litigation in federal court.  Thus, Plaintiff concludes that Defendants' actions were an attempt to circumvent the judicial process.

Defendants' argument concerning the extent of Plaintiff's contractual rights to possession of the Pathfinder at the time of the seizure misses the mark.  This is because "[e]ven if a claim to continued possession is in dispute, that possessory interest

5

is still constitutionally protected." Dixon v. Lowery, 302 F.3d 857, 864 (8th Cir. 2002) (citing Soldal v. Cook County, 506 U.S. 56, 58-59 (1992)).  As the Supreme Court has held, the "protection of 'property' has never been interpreted to safeguard only the rights of undisputed ownership.  Rather, it has been read broadly to extend protection to 'any significant property interest[.]'" Fuentes v. Shevin, 407 U.S. 67, 86 (1972) (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).

At the time the Pathfinder was seized, the issue of Plaintiff's possessory interest in the vehicle was in dispute; indeed, it was already the subject of litigation in both federal court and municipal court.  Rather than await judgment in their favor, the Hart and Cooper Defendants chose to take matters in their own hands by eliciting the help of the Officer Defendants in repossessing the Pathfinder. See Soldal, 506 U.S. at 58.

A seizure is "'per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized.'" Brown, 269 F.3d at 210 (quoting Place, 462 U.S. at 701).  Here, it is undisputed that Defendants lacked a warrant to seize the Pathfinder.  When the Officer Defendants arrived on the scene outside Harrah's in Atlantic City, Defendant Hart showed them a summons issued by the Brigantine Municipal Court, along with proof of registration and insurance for the Pathfinder, both in the name of JAH.  (See Officer Defendants'

6

Statement of Material Facts at ¶ 48). While these documents may have been convincing in terms of who owned the Pathfinder, they are not the equivalent of a warrant and did not give license to the Officer Defendants to conduct their own analysis of ownership. Indeed, "an officer's on-site assessment is no substitute for an 'informed evaluation by a neutral official.' A claimant's assertions to law enforcement officers 'test no more than the strength of [his] own belief in his rights.'" Dixon, 302 F.3d at 864 (quoting Fuentes, 407 U.S. at 83) (internal citations omitted). These due process cases "demonstrate the wisdom behind the Fourth Amendment's warrant requirement." Id.

In sum, even though Plaintiff's possessory interest in the Pathfinder was disputed, such interest deserved constitutional protection. Because Defendants seized the Pathfinder without a warrant, such seizure was unreasonable and in violation of Plaintiff's Fourth Amendment rights. Accordingly, Defendants' motions for summary judgment on this ground are denied.

**B. State Actor**

The Hart Defendants argue that Plaintiff has failed to establish that Hart and/or JAH were acting under "color of state law," as required under § 1983. Although the Hart Defendants properly characterize themselves as "private actors" (i.e., a private individual and a private entity), "the Supreme Court has held that private parties acting in conspiracy with a state

7

official to deprive others of constitutional rights are also acting 'under color' of state law." Melo v. Hafer, 912 F.2d 628, 638 (3d Cir. 1990) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966)). "Consequently, such private parties can be subject to liability under section 1983." Id.

Here, Plaintiff claims that the "actions taken by the defendants were in concert and the specific intent was to violate the plaintiff's protected rights from illegal search and seizure and to his protected rights of due process." (Pl. Opp. at 33 [Dkt. No. 164]). Thus, Plaintiff is alleging that Defendants engaged in a conspiracy to seize the Pathfinder. In Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982), the Supreme Court addressed this specific allegation, explaining, "we have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." In that case, the Supreme Court found that the Fourth Circuit had "erred in holding that in this context 'joint participation' requires something more than invoking the aid of state officials to take advantage of state-created attachment procedures." Id. at 942.

By analogy, the Hart Defendants' actions in eliciting the

help of the Officer Defendants, who are state officials[1], to repossess the Pathfinder qualified the Hart Defendants themselves as state actors.[2]  The facts in the record, taken in the light most favorable to the Plaintiff, support Plaintiff's conspiracy allegations.  That Defendant Hart, who was well aware of the pending litigation, saw the Pathfinder in the Harrah's parking lot and contacted the police, who then seized the Pathfinder upon her request, despite the obvious lack of warrant, is very telling of her role in the seizure.  See, e.g., Abbot v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (finding evidence of conspiracy where private actor contacted officer and paid him to help her take possession of van).

**C.  Qualified Immunity**

Finally, the Officer Defendants argue that they are entitled to qualified immunity because "[i]n the circumstances of this case, the officers had every reason to believe their conduct was lawful." (Officer Def. Motion at 17).  This Court disagrees.  As discussed above, the Officer Defendants were presented with a

---

[1] See Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (finding police officers who assisted in seizure to be state actors because "they were clearly invested with the power and authority of the state") (citing Lugar, 457 U.S. at 935 n. 18).

[2] The Court notes that the Cooper Defendants also participated in eliciting the help of the Officer Defendants by advising the Hart Defendants to do so.  Thus, despite their failure to address this issue in their own motion, the Cooper Defendants are also deemed state actors for this purpose.

summons and proof of vehicle registration and insurance, but they lacked the proper warrant to seize the Pathfinder. No reasonable officer could claim to be unaware of the basic rule that, absent consent or exigency, a warrantless seizure is presumptively unconstitutional. Groh v. Ramirez, 540 U.S. 551, 552 (2004); Brown, 269 F.3d at 209.

While immunity is generally extended to an officer who makes an arrest or seizure based on an objectively reasonable belief that there is a valid warrant, see Berg v. County of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000), the Officer Defendants have made no such claim in this case or offered any such evidence. Rather, the evidence shows that the Hart Defendants presented the Officers with very specific documentation to support the seizure; the fact that the warrant was not included among these documents was an obvious clue that no such warrant existed. A reasonable officer would have asked to see a warrant before seizing the Pathfinder.

Because this Court finds that the Officer Defendants did not act reasonably in seizing the Pathfinder without a warrant, they are not entitled to qualified immunity.

## V. CONCLUSION

For the aforementioned reasons, this Court holds that all Defendants' motions for summary judgment are denied. An appropriate Order will issue this date.

```
Dated:  February 29, 2008        s/Renée Marie Bumb
                                 RENÉE MARIE BUMB
                                 UNITED STATES DISTRICT JUDGE
```